Gregory Peacock, Esq. (SBN 277669)
**D'EGIDIO, LICARI, TOWNSEND & SHAH, APC**
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiff Joshua Gonzalez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA GONZALEZ <br><br>     Plaintiff, <br><br>     vs. <br><br> CITY OF HUNTINGTON BEACH; TREVOR JACKSON; RICHARD GONZALES; MICHAEL SCAFUTO; and DOES 1 through 10, inclusive, <br><br>     Defendants. | Case No. <br><br> COMPLAINT FOR DAMAGES FOR: <br><br> 1. Violation Of Fourth Amendment - Unlawful Seizure Of Person; <br> 2. Violation of Fourth Amendment – Excessive Force; <br> 3. Violation Of Fourth Amendment – Unlawful Search And Seizure Of Private Residence; <br> 4. Violation of Fourth and Fourteenth Amendments – Malicious Prosecution; <br> 5. Violation of Fourteenth Amendment – Deliberate Fabrication of Evidence; <br> 6. Municipal Liability – Failure to Train and/or Discipline; <br> 7. False Arrest (California Law); <br> 8. Battery (California Law); <br> 9. Assault (California Law); <br> 10. Violation of Cal. Civil Code § 52.1; <br> 11. Negligence (California Law); <br> 12. Trespass to Property (California Law); <br> 13. Intentional Infliction of Emotional Distress (California Law); <br> **JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

1

**COMES NOW** Plaintiff Joshua Gonzalez and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2). As Plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the Plaintiff's federal question claims, this court has jurisdiction over the Plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *Mine Workers v. Gibbs*.

## GENERAL ALLEGATIONS

3.      Plaintiff Joshua Gonzalez, hereinafter referred to as "GONZALEZ" or "Plaintiff GONZALEZ", is a natural person, who, at all times complained of in this action, resided in the State of California.

4.      Defendant City of Huntington Beach, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

5.  Defendant Trevor Jackson, hereinafter also referred to as "JACKSON", is, and

COMPLAINT FOR DAMAGES

2

at all times complained of herein, was, a City of Huntington Beach Police Department Officer, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

6.   Defendant Richard Gonzales, hereinafter also referred to as "GONZALES", is, and at all times complained of herein, was, a City of Huntington Beach Police Department Officer, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

7.   Defendant Michael Scafuto, hereinafter also referred to as "SCAFUTO", is, and at all times complained of herein, was, acting as an individual person under the color of state law, as he conspired with state officials to deprive Plaintiff of Constitutionally protected rights.

8.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Huntington Beach Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who

COMPLAINT FOR DAMAGES

3

will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

9.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Huntington Beach Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

10.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the Huntington Beach Police Department and/or defendant City of Huntington Beach, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Huntington Beach Police Department for, *inter alia*,: 1) for

unlawfully seizing persons; 2) for using excessive force on persons; 3) unlawful entry and searches of residences; 4) maliciously prosecuting persons 5) fabricating evidence and 6) covering up tortious conduct by Huntington Beach Police Department peace officers.

11.     At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Huntington Beach Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

12.     At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Huntington Beach Police Department and/or otherwise with defendant CITY[1].

13.     Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

---

[1] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES

5

14.   In addition to the above and foregoing, Defendants JACKSON, GONZALES, SCAFUTO, and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

15.   Defendants JACKSON, GONZALES, SCAFUTO and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

16.   Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Against Defendants JACKSON, GONZALES, SCAFUTO and DOES 1 through 6, inclusive)**

17.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

18.     On November 1, 2016, GONZALEZ noticed SCAFUTO place a note on GONZALEZ' boyfriend's vehicle. GONZALEZ retrieved the note which stated that the vehicle could not be parked there and would be towed if it wasn't moved.

19.     GONZALEZ went to SCAFUTO's home to ask SCAFUTO why he placed the note on the vehicle because the vehicle was lawfully parked.

20.     GONZALEZ could not find the front door to SCAFUTO's home. GONZALEZ was walking on a public alley way and never set foot on SCAFUTO's property.

21.     SCAFUTO then opened his garage door. GONZALEZ was still standing on the public alley.

22.     GONZALEZ asked SCAFUTO why he placed the note on his boyfriend's vehicle. SCAFUTO initially denied leaving the note. GONZALEZ told SCAFUTO that he saw him place the note on the vehicle. SCAFUTO then told GONZALEZ that he was going to have the vehicle towed.

23.     GONZALEZ tried to explain to SCAFUTO that the car was lawfully parked. SCAFUTO then began screaming that GONZALEZ was trespassing and that he was going to call the tow truck company.

24.     GONZALEZ left and went to his boyfriend's home which was only a few houses down, to inform him that SCAFUTO was going to have his car towed.

COMPLAINT FOR DAMAGES

7

25.     SCAFUTO then called the police to report that GONZALEZ had trespassed on his property (something that never happened.)

26.     GONZALEZ' boyfriend, James, didn't want to deal with SCAFUTO or the possibility of his car being towed, so James went outside to move his car.

27.     GONZALEZ followed James outside. While GONZALEZ was outside, Defendant GONZALES approached Plaintiff GONZALEZ and asked if Plaintiff GONZALEZ would speak with him.

28.     GONZALEZ agreed to speak with Defendant GONZALES. Plaintiff GONZALEZ identified himself and told Defendant GONZALES where he lived. He also started to tell Defendant GONZALES about his recent interaction with SCAFUTO.

29.     Defendant GONZALES asked Plaintiff GONZALEZ if he had his I.D. Plaintiff GONZALEZ told Defendant GONZALES that his I.D. was inside the house. Plaintiff GONZALEZ then told Defendant GONZALES that he was going to get his I.D.

30.     Plaintiff GONZALEZ started to walk towards his home to get his I.D. when his roommate Shannon came outside and began to ask Defendant GONZALES why Plaintiff GONZALEZ needed to get his I.D.

31.     Plaintiff GONZALEZ followed Shannon back to where Defendant GONZALES was standing. The three of them then had a conversation.

32.     Plaintiff GONZALEZ then walked to his home.

COMPLAINT FOR DAMAGES

8

33.    Defendant GONZALES never told Plaintiff GONZALEZ that he was under arrest, that he was detained, that couldn't leave or to stay put. Defendant GONZALES never said or did anything to suggest that Plaintiff GONZALEZ was not free to leave.

34.    Shannon stayed with Defendant GONZALES and spoke with him after Plaintiff GONZALEZ had left for his home.

35.    Shannon then started to walk towards her home. Plaintiff GONZALEZ and Shannon then entered into their property which is surrounded by an 8 foot fence. Plaintiff GONZALEZ then went inside his home.

36.    JACKSON was speaking with SCAFUTO. Based on information and belief, SCAFUTO told JACKSON that Plaintiff GONZALEZ had trespassed on his property, was a drug addict and other disparaging comments – all of which are not true.

37.    JACKSON left his conversation with SCAFUTO and joined Defendant GONZALES. The two defendants then walked towards Plaintiff GONZALEZ' home.

38.    JACKSON and GONZALES then stood outside of the Plaintiff's home and began speaking with some of Plaintiff's friends who happened to be at his home that evening. These conversations took place outside of Plaintiff's property for several minutes.

39.    JACKSON then decided to enter Plaintiff's property by going through the gate which was surrounded by an 8 foot fence. GONZALES followed JACKSON into the property.

40.     JACKSON and GONZALES then entered into Plaintiff's home.

41.     JACKSON and GONZALES did not have a warrant, consent, exigent circumstances, or any other lawful justification for entering Plaintiff's property and home.

42.     Plaintiff GONZALEZ went into his bedroom and locked the door when he saw JACKSON and GONZALES violently storm through his home. GONZALEZ was scared for his life.

43.     JACKSON then started to pound on Plaintiff GONZALEZ' door and demand that he come out. JACKSON was screaming at Plaintiff GONZALEZ.

44.     Terrified, Plaintiff GONZALEZ told JACKSON that he would open the door if JACKSON promised not to hurt him.

45.     Plaintiff GONZALEZ unlocked the door and JACKSON violently threw open the door, grabbed Plaintiff GONZALEZ and threw GONZALEZ onto his bed.

46.     JACKSON then got on top of GONZALEZ. JACKSON put GONZALEZ' hands behind his back and dug his knees into GONZALEZ' back.

47.     GONZALEZ was screaming out in pain. He had a previous back surgery and JACKSON was grinding his knee into GONZALEZ' back. He was also screaming because he thought JACKSON was going to kill him.

COMPLAINT FOR DAMAGES

10

48.     While on the bed, JACKSON searched GONZALEZ and then flipped him over. JACKSON then wrapped both of his hands around GONZALEZ' neck and began choking him.

49.     GONZALES then entered the room and assisted JACKSON in handcuffing Plaintiff GONZALEZ.

50.     JACKSON and GONZALES then placed Plaintiff GONZALEZ in the back of a patrol car.

51.     While GONZALEZ was in the back of the patrol vehicle, JACKSON, GONZALES and Does 1 through 6, inclusive, repeatedly told GONZALEZ that if he says that he was told that he was detained prior to entering his property, he would not be prosecuted. Defendants JACKSON, GONZALES and Does 1 through 6, inclusive, also told Plaintiff GONZALES that things will be a lot worse for him if he requests medical care.

52.     Plaintiff GONZALEZ refused to say that he was told that he was detained, because it never happened.

53.     Plaintiff GONZALEZ was then released and cited for a violation of Penal Code § 148(a)(1) and Penal Code § 602(L.)

54.     Defendants JACKSON and GONZALES then knowingly prepared police reports that were filled with falsehoods.

COMPLAINT FOR DAMAGES

11

55.     Knowing that they lied in their reports, JACKSON and GONZALES submitted their reports to the Orange County District Attorney's Office and requested prosecution.

56.     On March 28, 2017, the Orange County District Attorney's Office filed a misdemeanor complaint against GONZALEZ for an alleged violation of Penal Code § 148(a)(1.)

57.     On January 29, 2018, the Orange County District Attorney's Office dismissed the criminal action against GONZALEZ "in the interest of justice" after they saw that JACKSON and GONZALES' reports were bogus.

58.     As complained of herein above, none of the defendants to this action had a warrant for GONZALEZ' arrest, nor probable cause to believe that GONZALEZ had committed a crime, nor reasonable suspicion that GONZALEZ was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by GONZALEZ.

59.     Accordingly, the seizure of GONZALEZ by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, by use of force, constituted an unlawful and unreasonable seizure of GONZALEZ, in violation of his rights under the Fourth Amendment to the United States Constitution.

60.     As a direct and proximate result of the actions of Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, GONZALEZ: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical

and psychological costs, bills and expenses and 3) incurred other special and general

damages and expenses in an amount to be proven at trial which is in excess of

$3,000,000.00.

61.   The actions by said defendants were committed maliciously, oppressively

and in reckless disregard of GONZALEZ' constitutional rights, sufficient for an award of

punitive / exemplary damages against all defendants and each of them, save for

Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights -
### Excessive/Unreasonable Use of Force on Person
### (Against JACKSON, GONZALES, SCAFUTO and DOES 1 through 6, inclusive)

62.   Plaintiff hereby realleges and re-incorporates by reference the allegations set

forth in paragraphs 1 through 61 inclusive, above, as if set forth in full herein.

63.   As mentioned above and in addition to the above and foregoing, when

GONZALEZ was unlawfully arrested, he was physically beaten by JACKSON,

GONZALES and DOES 1 through 6, inclusive.

64.   The actions of Defendants JACKSON, GONZALES and DOES 1 through 6,

inclusive, as complained above herein, constituted a violation of GONZALEZ' rights

under the Fourth Amendment to the United States Constitution to be free from the use of

unlawful and unreasonable and excessive force upon his person.

65.   As a direct and proximate result of the actions of Defendants JACKSON,

COMPLAINT FOR DAMAGES

GONZALES and DOES 1 through 6, inclusive, GONZALEZ was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $3,000,000.00.

66.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of GONZALEZ' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save CITY, in an amount to be proven at trial, in excess of $2,000,000.00.

### THIRD CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Violation Of Fourth Amendment Rights
### Unreasonable / Unlawful Search and Seizure of Property
### (Against Defendants JACKSON, GONZALES, SCAFUTO and DOES 1 through 6, inclusive)

67.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 66, inclusive, above, as if set forth in full herein.

68.   The actions of defendants JACKSON, GONZALES, and DOES 1 to 6, inclusive, complained of in this action in entering, searching and seizing the Plaintiff's property constituted an unlawful and unreasonable seizure of the Plaintiff's property in the absence of a warrant, consent, an emergency or exigency, in violation of the

Plaintiff's rights to be free from such and search and seizure of their property under the Fourth Amendment to the United States Constitution.

69.     As a direct and proximate result of the actions of Defendants JACKSON, GONZALES and DOES 1 to 6, inclusive, Plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $3,000,000.00.

70.     The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $2,000,000.00, save CITY.

**FOURTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation Of Fourth And Fourteenth Amendment Right**
**(Against JACKSON, GONZALES, SCAFUTO and DOES 1 through 6, inclusive)**

71.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 70, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

72.     As shown above, JACKSON, GONZALES and DOES 1 through 6, inclusive, falsely arrested plaintiff GONZALEZ on the bogus charge of violation of Cal. Penal Code § 148(a)(1), something said defendants knew was not true.

73.     Also as shown above, JACKSON, GONZALES and DOES 1 through 6, inclusive, knew that plaintiff GONZALEZ had not committed any violations of Cal. Penal Code § 148(a)(1) (resisting / obstructing / delaying a peace officer engaged in the lawful performance of his duties), or any other law, and, nonetheless, authored bogus police reports and accused plaintiff GONZALEZ of various acts to show that plaintiff had violated Cal. Penal Code § 148(a)(1.)

74.     Said police reports authored by JACKSON, GONZALES and DOES 1 through 6, inclusive, also contained material misrepresentations of facts and material omission of facts upon which the Orange County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution of the plaintiff GONZALEZ.

75.     Moreover, said criminal action against GONZALEZ was terminated in his favor, in a manner inconsistent with guilt.

76.     Moreover, as shown above, none of said defendant officers had probable cause to believe that GONZALEZ committed a crime.

77.     Moreover, said criminal action was procured by said defendants with malice.

COMPLAINT FOR DAMAGES

16

78.     Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants constituted a violation of the Fourth, Ninth and Fourteenth Amendments to the United States Constitution.

79.     As a direct and proximate result of the actions of defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of his real and personal property and 4) incurred other special and general damages and expenses, including attorney's fees and associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

80.     The actions of defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive exemplary damages against all defendants, save for defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

17

### FIFTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourteenth Amendment Rights -
### Deliberate Fabrication of Evidence
### (Against JACKSON, GONZALES, SCAFUTO and DOES 1 through 6, inclusive)

81.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 80, inclusive, above, as if set forth in full herein.

82.     JACKSON, GONZALES and DOES 1 through 6, inclusive, deliberately fabricated evidence that was used to criminally charge and prosecute GONZALEZ.

83.     JACKSON, GONZALES and DOES 1 through 6, inclusive's reports of the incident complained of in this action are littered with material misrepresentations.

84.     The reports were ultimately submitted to the Orange County District Attorney's Office and relied upon during the prosecution of GONZALEZ.

85.     Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the prosecution of GONZALEZ.

86.     The actions of JACKSON, GONZALES and DOES 1 through 6, inclusive, as Complained of herein, constituted a violation of GONZALEZ' rights under the Fourteenth Amendment to the United States Constitution.

87.     As a direct and proximate result of the actions of Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, inclusive, as complained of herein, GONZALEZ: 1) was substantially physically, mentally and emotionally injured; 2)

COMPLAINT FOR DAMAGES
18

incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

88.     The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of GONZALEZ' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

## SIXTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR
FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
(Against Defendants CITY)**

89.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 88, inclusive, above, as if set forth in full herein.

90.     As complained of herein above, the acts of defendants JACKSON, GONZALES and DOES 1 through 6, deprived Plaintiff of his rights under the laws of the United States and The United States Constitution.

91.     The training policies of CITY were not adequate to train its police officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted Plaintiff, including knowing what conduct rises to the level of a violation of Penal Code § 148(a)(1.)

COMPLAINT FOR DAMAGES

92.   CITY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately. CITY was aware of previous violent propensities of JACKSON.

93.   The failure of CITY to provide adequate training caused the deprivation of Plaintiff's rights by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive.

94.   CITY's failure to train is closely related to the deprivation of Plaintiff's rights as to be the moving force that ultimately caused Plaintiff's injuries.

95.   As a direct and proximate result of the actions of defendants JACKSON, GONZALES, and Does 1 through 6, inclusive, and each of them, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

96.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants DOES 7 through 10, inclusive, in an amount to be proven at trial which is in excess of $2,000,000.00.

### SEVENTH CAUSE OF ACTION
**False Arrest / False Imprisonment**
**Under California State Law**
**(Against All Defendants)**

97.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 96, inclusive, above, as if set forth in full herein.

98.  Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, did not have probable cause to believe that GONZALEZ had committed a crime.

99.  Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, restrained, brutalized and deprived GONZALEZ of his liberty.

100.  Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, intentionally deprived GONZALEZ of his freedom of movement by use of physical force and violence.

101.  GONZALEZ did not consent to said deprivation of his freedom of movement by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, or to the use of force and violence upon him.

102.  GONZALEZ suffered harm because of said deprivation of his freedom of movement by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive.

103.  The actions committed by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, constituted a false arrest / false imprisonment of GONZALEZ under California state law.

104.   Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, are liable to GONZALEZ for said false arrest / false imprisonment, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.2, 820.8, and otherwise pursuant to the common-law.

105.   The actions committed by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, proximately caused GONZALEZ to suffer substantial physical injuries, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, and other costs and expenses, in an amount to be proven at trial which is in excess of $3,000,000.00.

106.   The actions of Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, were committed maliciously, oppressively and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against JACKSON, GONZALES and DOES 1 through 6, inclusive, in an amount to be proven at trial which is in excess of $2,000,000.00.

**EIGHTH CAUSE OF ACTION**
**Battery**
**Under California State Law**
**(Against All Defendants)**

107. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 106, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES
22

108. The actions committed by JACKSON, GONZALES and DOES 1 through 6, inclusive, constituted the unjustified, non-consensual, use of unlawful force and violence upon Plaintiff GONZALEZ, and, therefore, constituted a battery of him by said above-referenced defendant officers under California state law.

109. As a direct and proximate result of the actions of Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, Plaintiff was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

110. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial in excess of $2,000,000.00.

111. Said Defendants CITY, JACKSON, GONZALES and DOES 1 through 6, inclusive, are liable to Plaintiff for said battery on him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common law.

/ / /

/ / /

COMPLAINT FOR DAMAGES

23

## NINTH CAUSE OF ACTION
### Assault
### Under California State Law
### (Against All Defendants)

112. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 111, inclusive, above, as if set forth in full herein.

113. The actions committed by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, above-described, constituted an assault of Plaintiff under California state law, as Plaintiff was unlawfully placed in reasonable fear of receiving an imminent violent injury by said Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive.

114. Said Defendants CITY, JACKSON, GONZALES and DOES 1 through 6, inclusive, and each of them, are liable to Plaintiff, under California state law for said assaults, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

115. As a direct and proximate result of the actions of said Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, Plaintiff was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, bail costs and other associated costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

116. The actions by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save Defendant CITY, in an amount to be proven at trial in excess of $2,000,000.00/ inclusive.

### TENTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (Against All Defendants)

117.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 116, inclusive, above, as if set forth in full herein.

118.   The actions of defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

119.   Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, are liable to plaintiff for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

120.   As a direct and proximate result of the actions of defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was

COMPLAINT FOR DAMAGES

substantially physically, mentally and emotionally injured, and endured great physical, mental and emotional pain and suffering; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, in excess of $3,000,000.00.

121.   The actions of defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of Plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against JACKSON, GONZALES and DOES 1 through 6, inclusive, in an amount to be proven at trial, in excess of $2,000,000.00.

122.   In addition, as a result of the actions of defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, and, therefore, plaintiff is entitled to an award of treble compensatory damages against all defendants, and each of them.

## ELEVENTH CAUSE OF ACTION
### Negligence
### Under California State Law
### (Against all Defendants)

123.   Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 122, inclusive, above, as if set forth in full herein.

124.   Defendants CITY and Does 7 through 10, inclusive, knew, and/or with the exercise of reasonable diligence should have known, of the violent propensities of Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, who violated

COMPLAINT FOR DAMAGES

Plaintiff's constitutional rights, as complained of herein. JACKSON has been previously reprimanded and is also being sued for shooting and killing an unarmed man.

125.   Moreover, the actions committed by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein and as described above, also constituted a breach of defendants' duty to use due care toward Plaintiff.

126.   Moreover, defendant CITY breached its duty of care the Plaintiff, and to members of the public similarly situated, by failing to train its officers that they have no right to make unlawful entries and searches of private residences.

127.   As a direct and proximate result of the actions committed by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00.

**TWELFTH CAUSE OF ACTION**
**Trespass to Property**
**Under California State Law**
**(Against all Defendants)**

128.   Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 127, inclusive, above, as if set forth in full herein.

129.   As shown above, Plaintiff was the lawful possessors of 16865 Bayview Drive, Sunset Beach, California.

COMPLAINT FOR DAMAGES

130.   As shown above, JACKSON, GONZALES and DOES 1 through 6, inclusive, intentionally and recklessly entered Plaintiff's home and searched the home – causing damage to the property and terrifying Plaintiff.

131.   Defendants did not have permission to enter into Plaintiff's property.

132.   As shown above, Plaintiffs were harmed by defendants' trespass and that conduct was a substantial factor in causing Plaintiff's harm.

133.   As a direct and proximate result of the actions Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

134.   The actions committed by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, were malicious, oppressive and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against all defendants, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

/ / /

/ / /

/ / /

### THIRTEENTH CAUSE OF ACTION
### Intentional Infliction Of Emotional Distress
### Under California State Law
### (Against All Defendants)

135.   Plaintiff hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 134, inclusive, above, as if set forth in full herein.

136.   Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, knew and/or should have known that Plaintiff was susceptible to suffering severe emotional distress from the actions taken and committed against Plaintiff as complained of herein.

137.   The actions committed by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, during the incident as complained of herein, were malicious, oppressive, and/or in reckless disregard for Plaintiff's constitutional rights, was despicable and of such an outrageous nature as to be shocking to the conscience.

138.   The actions of Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, committed against Plaintiff, directly and proximately caused Plaintiff to suffer severe emotional distress.

139.   Defendants, and each of them, are liable to Plaintiff for said intentional infliction of emotional distress pursuant to California state law, and otherwise pursuant to the common-law.

140.   As a direct and proximate result of the actions of Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was

COMPLAINT FOR DAMAGES

substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

141.   The actions committed by Defendants JACKSON, GONZALES and DOES 1 through 6, inclusive, as complained of herein, were malicious, oppressive and constituted despicable conduct, sufficient for an award of punitive / exemplary damages against JACKSON, GONZALES and DOES 1 through 6, inclusive, in an amount to be proven at trial which is in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $2,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____
/S/
GREGORY PEACOCK

COMPLAINT FOR DAMAGES